E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
PETER DAHLQUIST (Cal. Bar No. 285548)
Assistant United States Attorney
Riverside Branch Office
      3403 10th Street, Suite 200
      Riverside, California 92501
      Telephone: (951) 276-6267
      Facsimile: (951) 276-6202
      E-mail:   Peter.Dahlquist@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 22-00013(A)-JGB |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT OSBALDO CAMPOS, JR. |
| v. | |
| OSBALDO CAMPOS, JR., | |
| Defendant. | |

1.    This constitutes the plea agreement between OSBALDO CAMPOS, JR., ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

      a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Counts One, Two,

1   Three, and Four of the underlying Indictment, (ECF No. 3), in <u>United</u>

2   <u>States v. Osbaldo Campos, Jr.</u>, ED CR No. 22-00013(A)-JGB, which

3   charge defendant with Armed Bank Robbery in violation of 18 U.S.C.

4   §§ 2113(a), (d) (Count One); Brandish a Firearm in Furtherance of,

5   and During and in Relation to, a Crime of Violence in violation of 18

6   U.S.C. § 924(c)(1)(A)(ii) (Count Two); Bank Robbery in violation of

7   18 U.S.C. § 2113(a) (Count Three); and Possess, Use, and Carry a

8   Firearm in Furtherance of, and During and in Relation to, a Crime of

9   Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four).

10          b.   Not contest facts agreed to in this agreement.

11          c.   Abide by all agreements regarding sentencing contained

12   in this agreement.

13          d.   Appear for all court appearances, surrender as ordered

14   for service of sentence, obey all conditions of any bond, and obey

15   any other ongoing court order in this matter.

16          e.   Not commit any crime; however, offenses that would be

17   excluded for sentencing purposes under United States Sentencing

18   Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

19   within the scope of this agreement.

20          f.   Be truthful at all times with the United States

21   Probation and Pretrial Services Office and the Court.

22          g.   Pay the applicable special assessments at or before

23   the time of sentencing unless defendant has demonstrated a lack of

24   ability to pay such assessments.

25          h.   Defendant agrees that any and all criminal debt

26   ordered by the Court will be due in full and immediately.  The

27   government is not precluded from pursuing, in excess of any payment

28   schedule set by the Court, any and all available remedies by which to

2

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3         i.   Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

10  criminal debt shall be assessed based on the completed Financial

11  Disclosure Statement and all required supporting documents, as well

12  as other relevant information relating to ability to pay.

13         j.   Authorize the USAO to obtain a credit report upon

14  returning a signed copy of this plea agreement.

15         k.   Consent to the USAO inspecting and copying all of

16  defendant's financial documents and financial information held by the

17  United States Probation and Pretrial Services Office.

18                     THE USAO'S OBLIGATIONS

19     3.   The USAO agrees to:

20         a.   Not contest facts agreed to in this agreement.

21         b.   Abide by all agreements regarding sentencing contained

22  in this agreement.

23         c.   At the time of sentencing, move to dismiss the First

24  Superseding Indictment (ECF No. 18), Counts Two and Four of which

25  combine to require a mandatory minimum of 14 years' imprisonment.

26  Defendant agrees, however, that at the time of sentencing the Court

27  may consider any dismissed charges in determining the applicable

28

1  Sentencing Guidelines range, the propriety and extent of any

2  departure from that range, and the sentence to be imposed.

3          d.   At the time of sentencing, provided that defendant

4  demonstrates an acceptance of responsibility for the offenses up to

5  and including the time of sentencing, recommend a two-level reduction

6  in the applicable Sentencing Guidelines offense level, pursuant to

7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

8  additional one-level reduction if available under that section.

9                            NATURE OF THE OFFENSES

10     4.   Defendant understands that for defendant to be guilty of

11 the crime charged in Count One of the Indictment, that is, Armed Bank

12 Robbery, in violation of 18 U.S.C. §§ 2113(a), (d), the following

13 must be true:

14         a.   First, the defendant, through force and violence or

15 intimidation, took money belonging to or in the care, custody,

16 control, management or possession of US Bank, located at 4594 North

17 University Parkway in San Bernadino, California;

18         b.   Second, the deposits of US Bank, located at 4594 North

19 University Parkway in San Bernadino, California were then insured by

20 the Federal Deposit Insurance Corporation; and

21         c.   Third, the defendant intentionally made a display of

22 force that reasonably caused bank employee victims P.S. or T.H to

23 fear bodily harm by using a firearm.

24     5.   Defendant understands that for defendant to be guilty of

25 the crime charged in Count Two of the Indictment, that is,

26 Brandishing a Firearm in Furtherance of, and During and in Relation

27 to, a Crime of Violence, in violation of 18 U.S.C.

28 § 924(c)(1)(A)(ii), the following must be true:

                                    4

1          a.   First, the defendant committed the crime of Armed Bank

2     Robbery as charged in Count One of the Indictment, which is a crime

3     of violence; and

4          b.   Second, the defendant knowingly brandished a firearm

5     during and in relation to that crime.  A defendant "brandishes" a

6     firearm by displaying all or part of the firearm, or otherwise making

7     the presence of the firearm known to another person, to intimidate

8     that person, regardless of whether the firearm was directly visible

9     to that person.

10        6.   Defendant understands that for defendant to be guilty of

11    the crime charged in Count Three of the Indictment, that is, Bank

12    Robbery, in violation of 18 U.S.C. § 2113(a), the following must be

13    true:

14         a.   First, the defendant, through force and violence or

15    intimidation, took money belonging to or in the care, custody,

16    control, management or possession of US Bank, located at 640 Orange

17    Street, in Redlands California; and

18         b.   Second, the deposits of US Bank, located at 640 Orange

19    Street, in Redlands California were then insured by the Federal

20    Deposit Insurance Corporation.

21        7.   Defendant understands that for defendant to be guilty of

22    the crime charged in Count Four of the Indictment, that is, Possess,

23    Use, and Carry a Firearm in Furtherance of, and During and in

24    Relation to, a Crime of Violence, in violation of 18 U.S.C.

25    § 924(c)(1)(A)(i), the following must be true:

26         a.   First, the defendant committed the crime of Bank

27    Robbery as charged in Count Three of the Indictment, which is a crime

28    of violence; and

1        b.    Second, the defendant knowingly used or carried a

2   firearm during and in relation to that crime.

3                   PENALTIES AND RESTITUTION

4        8.    Defendant understands that the statutory maximum sentence

5   that the Court can impose for a violation of 18 U.S.C. §§ 2113(a),

6   (d), Armed Bank Robbery, is: 25 years' imprisonment; a 5-year period

7   of supervised release; a fine of $250,000 or twice the gross gain or

8   gross loss resulting from the offense, whichever is greatest; and a

9   mandatory special assessment of $100.

10       9.    Defendant understands that the statutory maximum sentence

11  that the Court can impose for a violation of 18 U.S.C. § 2113(a),

12  Bank Robbery, is: 20 years' imprisonment; a 3-year period of

13  supervised release; a fine of $250,000 or twice the gross gain or

14  gross loss resulting from the offense, whichever is greatest; and a

15  mandatory special assessment of $100.

16       10.   Defendant understands that the statutory maximum sentence

17  that the Court can impose for a violation of 18 U.S.C.

18  § 924(c)(1)(A)(ii), Brandishing a Firearm in Furtherance of, and

19  During and in Relation to, a Crime of Violence, is: life

20  imprisonment; a five-year period of supervised release; a fine of

21  $250,000 or twice the gross gain or gross loss resulting from the

22  offense, whichever is greatest; and a mandatory special assessment of

23  $100.

24       11.   Defendant understands that the statutory maximum sentence

25  that the Court can impose for a violation of 18 U.S.C.

26  § 924(c)(1)(A)(i), Possess, Use, and Carry a Firearm in Furtherance

27  of, and During and in Relation to, a Crime of Violence, is: life

28  imprisonment; a five-year period of supervised release; a fine of

                                  6

$250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

12.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: life imprisonment; a five-year term of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $400.

13.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 924(c)(1)(A)(ii), as charged in Count Two of the indictment, is a 7-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

14.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 924(c)(1)(A)(i), as charged in Count Four of the indictment, is a 5-year term of imprisonment, which must run consecutive to any other sentence of imprisonment, and a mandatory special assessment of $100.

15.   Defendant understands, therefore, that the total mandatory minimum sentence that the Court must impose in this case is a 12-year term of imprisonment, which must run consecutive to any sentences of imprisonment imposed on Counts One and Three, and a mandatory special assessment of $400.

16.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised

release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

17.  Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts and charges.  The parties currently believe that the applicable amount of restitution is approximately $81,456, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

18.  Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

1    ammunition.  Defendant understands that the convictions in this case

2    may also subject defendant to various other collateral consequences,

3    including but not limited to revocation of probation, parole, or

4    supervised release in another case and suspension or revocation of a

5    professional license.  Defendant understands that unanticipated

6    collateral consequences will not serve as grounds to withdraw

7    defendant's guilty pleas.

8         19.  Defendant and his counsel have discussed the fact that, and

9    defendant understands that, if defendant is not a United States

10   citizen, the convictions in this case makes it practically inevitable

11   and a virtual certainty that defendant will be removed or deported

12   from the United States.  Defendant may also be denied United States

13   citizenship and admission to the United States in the future.

14   Defendant understands that while there may be arguments that

15   defendant can raise in immigration proceedings to avoid or delay

16   removal, removal is presumptively mandatory and a virtual certainty

17   in this case.  Defendant further understands that removal and

18   immigration consequences are the subject of a separate proceeding and

19   that no one, including his attorney or the Court, can predict to an

20   absolute certainty the effect of his convictions on his immigration

21   status.  Defendant nevertheless affirms that he wants to plead guilty

22   regardless of any immigration consequences that his pleas may entail,

23   even if the consequence is automatic removal from the United States.

24                            FACTUAL BASIS

25        20.  Defendant admits that defendant is, in fact, guilty of the

26   offenses to which defendant is agreeing to plead guilty.  Defendant

27   and the USAO agree to the statement of facts provided below and agree

28   that this statement of facts is sufficient to support pleas of guilty

                                    9

1  to the charges described in this agreement and to establish the
2  Sentencing Guidelines factors set forth in paragraph 22 below but is
3  not meant to be a complete recitation of all facts relevant to the
4  underlying criminal conduct or all facts known to either party that
5  relate to that conduct.

6      On October 8, 2021, in San Bernardino County, defendant robbed
7  the US Bank branch, located at 4594 North University Parkway in San
8  Bernardino, California (the "San Bernardino US Bank").  As of October
9  8, 2021, the San Bernardino US Bank was insured by the Federal
10  Deposit Insurance Corporation.  During this robbery defendant
11  displayed a silver-colored firearm and demanded that bank employees
12  P.S. and T.H. take him to the bank's vault and give him cash.
13  Defendant escorted P.S. and T.H. at gunpoint to the San Bernardino US
14  Bank vault where T.H. collected six stacks of $10,000 from the vault,
15  totaling $60,000, and handed the cash to defendant.  Defendant knew
16  that he obtained the $60,000 in cash from the San Bernardino US
17  Bank's vault only because defendant made a display of force, which
18  reasonably caused P.S. and T.H. to fear bodily harm from the silver-
19  colored firearm.

20      On November 26, 2021, in San Bernardino County, defendant robbed
21  the US Bank branch, located at 640 Orange Street in Redlands,
22  California (the "Redlands US Bank").  As of November 26, 2021, the
23  Redlands US Bank was insured by the Federal Deposit Insurance
24  Corporation.  Defendant committed this robbery by passing a demand
25  note to bank employee M.R. with a demand note that stated, "He has a
26  gun give him 30.K fast."  Bank employee S.B. then walked to M.R.'s
27  desk and defendant handed S.B. the demand note.  Defendant told S.B.,
28  "hurry up, get it now."  Defendant then escorted S.B. to the teller

window.  As he was walking, defendant pressed his holstered firearm against S.B. and stated to S.B., "you feel that, I have a gun," which caused S.B. to fear for S.B.'s life.  When S.B. and defendant reached teller windows, bank employees J.V. and H.G. gave defendant a combined total of $21,456 from their teller drawers.  Defendant knew that J.V. and H.G. gave him cash only because defendant threatened force.  After receiving cash from J.V. and H.G., defendant told S.B. to go to the vault to get the $30,000 defendant had initially demanded.  S.B. and H.G. then went into the vault and retrieved an additional $30,000, but by the time S.B. and H.G. returned to the teller window, defendant had already run out of the bank.

Officers from Redlands Police Department responded to the scene and saw defendant running away from the Redlands US Bank with cash falling from his pockets.  Officers apprehended defendant as he was trying to get into a vehicle that had no license plates.  Officers recovered a loaded Smith & Wesson, model SD9 VE, 9mm caliber semi-automatic pistol with a silver slide that was holstered on his belt. The pistol was loaded with 15 rounds of ammunition and an additional round in the chamber.  Defendant also carried four additional, loaded 9mm magazines in magazine pouches on his belt.

SENTENCING FACTORS

21.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate between the mandatory minimum and up to the maximum set
by statute for the crimes of conviction.

22.   Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | U.S.S.G. § 2B3.1(a) |
| Financial Institution: | +2 | U.S.S.G. § 2B3.1(b)(1) |
| Loss Amount Greater than $20,000: | +1 | U.S.S.G. § 2B3.1(b)(7)(B) |
| Multiple Count Adjustment: | +2 | U.S.S.G. § 3D1.4 |

Defendant and the USAO reserve the right to argue that additional
specific offense characteristics, adjustments, and departures under
the Sentencing Guidelines are appropriate.  Specifically, without
limitation, the USAO reserves to the right to seek adjustments to the
offense level under U.S.S.G. § 2B3.1(b)(4)(B) for physical restraint
and U.S.S.G. § 3C1.2 for recklessness during flight.  Defendant
understands that the Court must sentence defendant to a term of 7
years' imprisonment on Count Two and 5 years' imprisonment on Count
Four, and those sentences must run consecutive to each other, for a
total mandatory minimum term of imprisonment of 12 years, and that
12-year minimum term must run consecutive to any terms of
imprisonment imposed on Counts One and Three.

23.   Defendant understands that there is no agreement as to
defendant's criminal history or criminal history category.

24.   Defendant and the USAO reserve the right to argue for a
sentence outside the sentencing range established by the Sentencing

1  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2  (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4      25.  Defendant understands that by pleading guilty, defendant
5  gives up the following rights:

6          a.   The right to persist in a plea of not guilty.

7          b.   The right to a speedy and public trial by jury.

8          c.   The right to be represented by counsel -- and if
9  necessary have the Court appoint counsel -- at trial.  Defendant
10 understands, however, that, defendant retains the right to be
11 represented by counsel -- and if necessary have the Court appoint
12 counsel -- at every other stage of the proceeding.

13         d.   The right to be presumed innocent and to have the
14 burden of proof placed on the government to prove defendant guilty
15 beyond a reasonable doubt.

16         e.   The right to confront and cross-examine witnesses
17 against defendant.

18         f.   The right to testify and to present evidence in
19 opposition to the charges, including the right to compel the
20 attendance of witnesses to testify.

21         g.   The right not to be compelled to testify, and, if
22 defendant chose not to testify or present evidence, to have that
23 choice not be used against defendant.

24         h.   Any and all rights to pursue any affirmative defenses,
25 Fourth Amendment or Fifth Amendment claims, and other pretrial
26 motions that have been filed or could be filed.

27
28

                                  13

1

WAIVER OF APPEAL OF CONVICTION

2      26.  Defendant understands that, with the exception of an appeal
3  based on a claim that defendant's guilty pleas were involuntary, by
4  pleading guilty defendant is waiving and giving up any right to
5  appeal defendant's convictions on the offenses to which defendant is
6  pleading guilty.  Defendant understands that this waiver includes,
7  but is not limited to, arguments that the statutes to which defendant
8  is pleading guilty are unconstitutional, and any and all claims that
9  the statement of facts provided herein is insufficient to support
10  defendant's pleas of guilty.

11

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

12      27.  Defendant agrees that, provided the Court imposes a total
13  term of imprisonment on all counts of conviction of no more than 222
14  months, defendant gives up the right to appeal all of the following:
15  (a) the procedures and calculations used to determine and impose any
16  portion of the sentence; (b) the term of imprisonment imposed by the
17  Court; (c) the fine imposed by the Court, provided it is within the
18  statutory maximum; (d) to the extent permitted by law, the
19  constitutionality or legality of defendant's sentence, provided it is
20  within the statutory maximum; (e) the amount and terms of any
21  restitution order, provided it requires payment of no more than
22  $81,456; (f) the term of probation or supervised release imposed by
23  the Court, provided it is within the statutory maximum; and (g) any
24  of the following conditions of probation or supervised release
25  imposed by the Court: the conditions set forth in Second Amended
26  General Order 20-04 of this Court; the drug testing conditions
27  mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and
28  drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

14

28.  The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 168 months, the USAO gives up its right to appeal any portion of the sentence ,with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $81,456.

RESULT OF WITHDRAWAL OF GUILTY PLEAS

29.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

30.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

## BREACH OF AGREEMENT

2       31.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  All of defendant's obligations

8  are material, a single breach of this agreement is sufficient for the

9  USAO to declare a breach, and defendant shall not be deemed to have

10 cured a breach without the express agreement of the USAO in writing.

11 If the USAO declares this agreement breached, and the Court finds

12 such a breach to have occurred, then: (a) if defendant has previously

13 entered guilty pleas pursuant to this agreement, defendant will not

14 be able to withdraw the guilty pleas, and (b) the USAO will be

15 relieved of all its obligations under this agreement.

16      32.  Following the Court's finding of a knowing breach of this

17 agreement by defendant, should the USAO choose to pursue any charge

18 that was either dismissed or not filed as a result of this agreement,

19 then:

20           a.   Defendant agrees that any applicable statute of

21 limitations is tolled between the date of defendant's signing of this

22 agreement and the filing commencing any such action.

23           b.   Defendant waives and gives up all defenses based on

24 the statute of limitations, any claim of pre-indictment delay, or any

25 speedy trial claim with respect to any such action, except to the

26 extent that such defenses existed as of the date of defendant's

27 signing this agreement.

28

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION

AND PRETRIAL SERVICES OFFICE NOT PARTIES

33.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

34.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 22 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

35.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

36.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

18

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

37.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____                November 14, 2022
PETER DAHLQUIST                                 Date
Assistant United States Attorney

_____                11 14.22
OSBALDO CAMPOS, JR.                             Date
Defendant

_____                11 - 14-22
LUISA TAMEZ                                     Date
Deputy Federal Public Defender
Attorney for Defendant OSBALDO CAMPOS, JR.

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those

19

contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
OSBALDO CAMPOS, JR.                       Date   11/14/22
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am OSBALDO CAMPOS JR.'s attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____          _____
LUISA TAMEZ                               Date   11-14-22
Deputy Federal Public Defender
Attorney for Defendant OSBALDO CAMPOS, JR.